THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK
DANIELS, Appellant, *v.* GEORGE CRAWFORD, Respondent.

*Foreign corporation — inspection of transfer book — mandamus.*

When on an application for a mandamus to compel the alleged transfer agent in
the State of New York of a foreign corporation to exhibit to a stockholder the
transfer book and list of stockholders, a question of fact is raised as to whether
the defendant is the transfer agent of the corporation, an alternative writ of
mandamus should be granted for the purpose of determining such question of
fact.

APPEAL by the relator, Frank Daniels, from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the city and county of New York, on
the 4th day of February, 1893, denying the relator's motion for a
writ of mandamus.

The motion was made under section 53 of chapter 688 of the
Laws of 1892 (the Stock Corporation Law), which provides that
"The transfer agent in this State of any foreign corporation,
whether such agent shall be a corporation or a natural person, shall
at all times during the usual hours of transacting business, exhibit
to any stockholder of such corporation, when required by him, the
transfer book and a list of the stockholders thereof, if in his power
to do so."

*C. F. Beach, Jr.,* for the appellant.

*H. L. Cole,* for the respondent.

PER CURIAM:

The relator moved the court below for an order that a writ of
mandamus under the seal of the court issue, directed to and com-
manding the respondent to exhibit to the relator the transfer book
of the Enterprise Mining Company, and a list of the stockholders
thereof.   Such application was based upon a petition that alleged
that the relator asked the respondent, at the office of the corpora-
tion in the city of New York, if a stockholder of said corporation
desired to have his stock transferred, and came to the office of said
company, at 33 Wall street in the city of New York, and requested

of said Crawford that he transfer such stock, whether said Crawford did not have charge of the transfer book, and conformably to the request so made of him would not have such stock transferred on said transfer book kept in said office; that in answer to this question, said Crawford replied that he did have charge of the transfer books in said office, and would have such stock transferred therein, and that thereupon the said Crawford was requested to allow the relator to inspect the book in which such transfers of stock were made, in order that he might obtain a list of the stockholders of said Enterprise Mining Company, which request said Crawford refused.

In answer to this allegation Crawford presented an affidavit in which he stated that the corporation was a foreign corporation organized and existing under the laws of the State of New Jersey; that it had no office in the city of New York; that he was not its transfer agent in this city; and that the corporation had not and never had a transfer office or transfer agent in the city of New York; but he did not deny the conversation with the relator as alleged in the petition.

We agree with the court below that upon these affidavits the relator was not entitled to a peremptory writ of mandamus as a question of fact necessary to sustain his application was put in issue.

We think, however, that the relator was entitled to an alternative writ of mandamus, so that the question of fact that is at issue can be determined by the court in the way provided by the Code.

The order should, therefore, be reversed, and an alternative writ granted, with ten dollars costs and disbursements of this appeal to abide the final determination of the proceeding.

Present — VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ.

Order reversed, and an alternative writ granted, with ten dollars costs and disbursements of this appeal, to abide the final determination of the proceeding.